**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 25-1650**

————————

J. DOE, as personal representative (PR),

        Plaintiff - Appellant,

    v.

AUGUSTA UNIVERSITY, f/k/a Medical College of Georgia (MCG); SELECT SPECIALTY HOSPITAL - AUGUSTA, INC.; SELECT MEDICAL HOLDINGS CORP.; GREENWOOD REGIONAL REHABILITATION HOSPITAL; ERIKA SIMMERMAN MABES, D.O.; JOHN ROE #1 THROUGH JOHN ROE # X; MEDICAL COLLEGE OF GEORGIA (MCG),

        Defendants - Appellees.

————————

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Richard Mark Gergel, District Judge.  (8:23-cv-06873-RMG-WSB)

————————

Submitted:  June 25, 2026                        Decided:  June 29, 2026

————————

Before BENJAMIN and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

————————

Dismissed by unpublished per curiam opinion.

————————

J. Doe, Appellant Pro Se.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

J. Doe seeks to appeal the district court's order referring her case back to the magistrate judge to allow additional time to seek relief from the final judgment based on her voluntary dismissal of her civil complaint under Fed. R. Civ. P. 60(b) and the magistrate judge's order complying with that directive.  Doe also moves for reconsideration and the application of intervening new law to her underlying case.  This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949).  The orders Doe seeks to appeal are neither final orders nor appealable interlocutory or collateral orders.[*]

Accordingly, we deny Doe's pending motions and dismiss the appeal for lack of jurisdiction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] Although the district court has since entered a final judgment ruling on Doe's Rule 60(b) motion, the doctrine of cumulative finality does not cure the jurisdictional defect because neither order Doe seeks to appeal could have been certified for immediate appeal by the district court.  *See Houck v. LifeStore Bank*, 41 F.4th 266, 270-71 (4th Cir. 2022).